IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason A. Cambron, ) | Case No. 3:10-cv-2334-RMG |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| Lieutenant Riley of Hill-Finklea Detention ) | |
| Center, et. al. ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding *pro se*, filed this civil rights action pursuant to 28 U.S.C. § 1983. (Dkt. No. 1). As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and the Local Rules. Plaintiff alleges that Defendants violated his constitutional rights because they did not administer timely proper medical treatment. Defendants filed a motion for summary judgment on May 2, 2011. (Dkt. No. 34). Plaintiff filed a response on May 6, 2011. (Dkt. No. 39). Defendants filed a reply on June 8, 2011. (Dkt. No. 42). The Magistrate Judge has issued a Report and Recommendation that Defendants' motion for summary judgment should be granted. (Dkt. No. 45). Plaintiff has filed objections to the R & R. (Dkt. No. 47). As explained herein, this Court adopts the Report and Recommendation and grants Defendants' motion for summary judgment.

**FACTUAL BACKGROUND**

Plaintiff claims that on February 25, 2010, he noticed a painful bump on his face over his right eye that he initially thought was a pimple. (Dkt. No. 1 at 3).[1] On February 26, "the bump

---

[1] During relevant time period, Plaintiff was being held as a pre-trial detainee at the Hill-Finklea Detention Center, which is also known as the Berkeley County Detention Center in Moncks Corner, South Carolina. (Dkt. No. 45 at 1). As discussed by the Magistrate Judge, denial-of-medical-care claims asserted by pre-trial detainees arise under

1

was beginning to swell pretty quickly, and was getting more painful." (*Id.*). Plaintiff claims that he "began to notify all officers on shift that day." (*Id.*). Plaintiff alleges that Corporal DeSanto told him that "if my life was not in immediate danger, then it was not an emergency and that nothing could be done until Monday." (*Id.*). Plaintiff claims that Corporal DeSanto refused to call Lieutenant Riley, who is in charge of running the Detention Center. (*Id.* at 4). Plaintiff alleges that the next day, February 27, his "right eye was swollen so badly that I could barely see from it and the pain was extreme" and on February 28, "the eye was swollen completely shut and the pain was now intolerable." (*Id.* at 3). Plaintiff alleges that he was seen by a nurse on March 1 who treated him for a staph infection. (*Id.* at 3).

As a result, Plaintiff claims that his "right eye now permanently stands open wider than the left, and [his] vision which was previously 20/16 in [his] right eye has deteriorated greatly due to strain on the optic nerves from the swelling of the infection." (*Id.* at 3). Plaintiff further alleges that Sergeant Sheets was notified on night shift when he complained to Officer Jenkins but he was told nothing could be done until Monday. (*Id.* at 4). Plaintiff alleges that Sergeant Sennitt also failed to report the medical emergency and follow proper protocol. (*Id.*). Plaintiff further alleges that Lieutenant Riley "should have had proper procedures for a medical emergency posted somewhere, or should have at least had his supervisors on shifts to be informed of what actions to take in the event there is an emergency." (*Id.*). Plaintiff claims that if he "would have received prompt health-care when the incident was initially reported, I would not have partially lost vision permanently in my right eye." (*Id.*). As such, Plaintiff claims that Lieutenant Riley, Sergeant Sennitt, Sergeant Sheets and Corporal DeSanto were "all negligent in

---

the Fourteenth Amendment rather than the Eighth Amendment, yet the Supreme Court has observed "that the Fourteenth Amendment rights of pre-trial detainees 'are at least as great as the Eighth Amendment protections available to a convicted prisoner.'" *Patten v. Nichols*, 274 F.3d 829, 834 (4th Cir. 2001)(quoting *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983)). Thus, the inquiry as to the sufficiency of medical care will be conducted under the Eighth Amendment.

2

their duties to provide reasonable and necessary medical care to an incarcerated inmate in their facility." (*Id.*).

Defendants claim that Plaintiff failed to exhaust his administrative remedies and thus the district court lacks jurisdiction, that Plaintiff's claims regarding lack of medical attention do not violate the Eighth Amendment and that Defendants are entitled to qualified immunity. (Dkt. No. 34).[2]

## LAW/ANALYSIS

On a motion for summary judgment, the Court must grant the motion if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The nonmoving party must "go beyond the pleadings and by. . .affidavits, or by the depositions, answers to the interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The Plaintiff's *pro se* complaint is entitled to liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

---

[2] As the Magistrate Judge recommended, summary judgment will be granted on the merits and thus the Defendant's motion for summary judgment on the basis of failure to exhaust administrative remedies need not be addressed herein.

3

The Supreme Court has stated that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)(citations omitted). The deliberate indifference must be more than "an inadvertent failure to provide adequate medical care" and evidenced by sufficiently harmful acts or omissions. *Estelle*, 429 U.S. at 105-106. Fourth Circuit jurisprudence also establishes that alleged medical mistreatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness . . . . [N]evertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citations omitted). In reviewing the meaning of "deliberate indifference," the Supreme Court clarified that "it is enough that the [prison] official acted or failed to act despite his knowledge of a substantial risk of harm." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).[3] Moreover, "a serious medical need is one that poses a substantial risk of serious injury to health and safety" and "a medical need sufficiently serious. . .to require medical treatment." *Turner v. Kight*, 121 Fed.Appx. 9, 13 (4th Cir. 2005).

This Court agrees with the Magistrate Judge that Plaintiff fails to show that Defendants were deliberately indifferent to any of his serious medical needs. Plaintiff asserts that the swelling and bruising around his eye was extremely obvious. (Dkt. No. 39 at 2). On February 27, Plaintiff filled out a sick call request that he was bitten by something on his face and that it is swollen, painful and causing his eye to blur. (Dkt. No. 34-2). Plaintiff was seen on March 1, March 2 and March 10 by the detention center medical staff. (*Id.*). As the Magistrate Judge

---

[3] The Supreme Court further clarified "that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

4

notes, there is no evidence in Plaintiff's medical records to show that Defendants should have known that Plaintiff had a staph infection when Plaintiff complained of a pimple and then a bug bite.

Plaintiff alleges that blurry vision is "a possible sign of several life-threatening conditions" and thus appears to allege that he required immediate attention. (Dkt. No. 47 at 1). Defendants, however, present testimony that Plaintiff's complaints were adequately responded to and were not considered to pose a substantial risk of serious injury to his health or safety. Lieutenant Riley testified that "Plaintiff's symptoms did not meet the criteria set forth by the Medical Staff. . .for outside medical care on February 26, 2010 through the morning March 1, 2010." (Dkt. No. 34-1 at 2). Sue Brabham, a Registered Nurse at the Berkeley County Detention Center, testified that "Mr. Cambron's symptoms, as stated in his Complaint and found in his medical record did not meet the criteria set forth by the Medical Staff at the Berkeley County Detention Center for outside medical care on February 26, 2010 through the morning of March 1, 2010." (Dkt. No. 34-4 at 2). Further, Nurse Brabham would not have recommended outside medical treatment or have visited the detention center to assess his condition had she received a call regarding Plaintiff's symptoms on the dates in question. (Dkt. No. 34-4 at 2). Officer Jenkins also testified that Plaintiff was not suffering from an acute illness or injury on the nights of February 26, 27 and 28, 2010. (Dkt. No. 34-3 at 2). Officer Jenkins also testified that "[i]n accordance with policy and in response to Plaintiff's request, he was informed to submit a medical request detailing his symptoms and the nurse would assess him when his request was received." (Dkt. No. 34-3 at 2).

Further, Plaintiff alleges that his pain "could have been alleviated quickly and simply if the Plaintiff had received prompt medical care." (Dkt. No. 47 at 1). "An Eighth Amendment

violation only occurs. . .if the delay [in treatment] results in some substantial harm to the patient." *Webb v. Hamidullah*, 281 Fed. Appx. 159, 166 (4th Cir. 2008). Plaintiff fails to show how the failure of Defendants to provide prompt medical care resulted in substantial harm.[4] Moreover, while Plaintiff appears to disagree with the type and amount of medical treatment received, "the Constitution. . .does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988).

Defendants further claim that they are entitled to qualified immunity. The Supreme Court set forth the doctrine of qualified immunity in *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) and in *Maciariello v. Sumner*, 973 F.2d 295 (4th Cir. 1992) the Fourth Circuit provided further guidance:

> Governmental officials performing discretionary functions are shielded from liability for money damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Moreover, there are two levels at which the immunity shield operates. First, the particular right must be clearly established in the law. Second, the manner in which this right applies to the actions of the official must also be apparent. Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.

*Maciariello*, 973 F.2d at 298 (internal quotations and citations omitted).

As noted above, Plaintiff has not provided evidence that any constitutional violation took place. Even if Plaintiff were to establish some basis for a constitutional deprivation, Defendants are entitled to qualified immunity. In the discretionary exercise of their respective professional judgments, Defendants did not violate clearly established statutory or constitutional rights of

---

[4] Plaintiff claims that he is unable to obtain the testimony of a qualified medical professional and a trial would permit him to do so. (Dkt. No. 47 at 2). Defendants have provided Plaintiff's medical records, which demonstrate that Plaintiff was not substantially harmed and received adequate treatment.

which a reasonable person would have known.[5]

## CONCLUSION

After a thorough review of the record, relevant case law, and the Report and Recommendation, this Court finds the Magistrate Judge applied sound legal principles to the facts of this case. Therefore, this Court adopts the Magistrate Judge's Report and Recommendation as the Order of this Court. (Dkt. No. 45). Defendants' motion for summary judgment (Dkt. No. 34) is **GRANTED**. All federal claims are **DISMISSED** with prejudice and any remaining state law claims are **DISMISSED** without prejudice.[6]

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 3, 2012
Charleston, South Carolina

---

[5] To the extent that Plaintiff alleges claims against Defendants in their official capacities and not in their individual capacities, the Court need not reach this issue because the Plaintiff has not sufficiently alleged a constitutional violation. (Dkt. No. 47 at 2). Moreover, "[l]iability of local governments and their officials sued in their official capacity under § 1983 cannot be based on *respondeat superior* but arises only when city or county officials themselves, through an act establishing a policy or custom, cause the constitutional violation." *Gordon v. Kidd*, 971 F.2d 1087, 1097 (4th Cir. 1992). Plaintiff has not alleged here that a policy or custom caused any constitutional violation.

[6] As the Magistrate Judge discussed, because Plaintiff fails to show any violations under § 1983, any apparent state law negligence claims should be dismissed, albeit without prejudice.

7